■ In the Matter of BRUCE HAWKINS, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination dated December 1, 1986, inter alia, finding the petitioner guilty of refusing a direct order and assaulting correction officers in violation of prison rules and imposing certain punishment, and to expunge the charges from his institutional record, made after a prison disciplinary hearing and a rehearing, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered June 23, 1987, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the determination is annulled and the charge is dismissed, and the respondents are directed to expunge from the petitioner's institutional record all reference to the proceeding.

On March 30, 1986, the petitioner was found guilty of refusing a direct order and assaulting correction officers, and committed to a Special Housing Unit for one year without privileges. This determination was based in part on a misbehavior report dated March 17, 1986, signed by Correction Officer John E. Orton, endorsed by two other employee witnesses. The misbehavior report stated that the defendant refused a direct order from Captain Ward to come out of his cell and that he assaulted correction officers who entered his cell with his fists and feet. A hearing was commenced on March 29, 1986, and completed on March 30, 1986. The petitioner's request that the Hearing Officer view a videotape of the incident was denied. The petitioner commenced a CPLR article 78 proceeding challenging the disposition of the disciplinary hearing. He requested, inter alia, that the determination and disposition be annulled, that all reference to the disciplinary hearing be expunged from his institutional records and that he be released from the Special Housing Unit.

On October 24, 1986, the Supreme Court, Dutchess County (Stolarik, J.), granted the petition "only to the extent that [the] matter is remanded to respondents for a new hearing so

that [the] videotape taken of the * * * incident * * * can be viewed by the respondents". The rehearing was commenced on November 26, 1986, and concluded on December 1, 1986. The Hearing Officer read the transcript of the prior hearing and permitted the petitioner to call an additional witness, but refused to recall the previous witnesses to testify at the rehearing. The petitioner commenced the instant proceeding to challenge the determination and disposition at the rehearing; the result was the dismissal of his petition.

On appeal, the petitioner raises a number of questions as to whether the respondents acted pursuant to lawful procedure at the rehearing. He contends that his hearing was not timely conducted as required by 7 NYCRR 251-5.1. Subdivision (a) of 7 NYCRR 251-5.1 provides that "[w]here an inmate is confined pending a disciplinary hearing or superintendent's hearing, the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement pending said disciplinary hearing or superintendent's hearing, but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee". Subdivision (b) of 7 NYCRR 251-5.1 provides that "[t]he disciplinary hearing or superintendent's hearing must be completed within 14 days following the writing of the misbehavior report unless otherwise authorized by the commissioner or his designee". We note that the Commissioner circulated a memorandum dated October 15, 1984, to all Superintendents indicating that a rehearing is to be conducted within the same time frame as an initial hearing, pursuant to 7 NYCRR 251-5.1 (b). It has been said that "any kind of legislative * * * norm or prescription which establishes a pattern or course of conduct for the future" *(People v Cull,* 10 NY2d 123, 126) is embraced in the term "rule or regulation" *(Matter of Lehman v Board of Educ.,* 82 AD2d 832, 833). As such, the memorandum is binding upon the respondents. The record indicates that the respondents received notice that the court ordered a new hearing at least on October 29, 1986. Meanwhile, the petitioner remained in solitary confinement. Since the rehearing was not held within the applicable time period, the charges against the petitioner must be dismissed *(see, People ex rel. De Fulmer v Scully,* 110 AD2d 671; *Matter of Lozado v Scully,* 108 AD2d 859; *Matter of Grosvenor v Dalsheim,* 90 AD2d 485).

We further note that the court ordered a new hearing and that the Hearing Officer erred in failing to recall witnesses at the rehearing or in failing to provide the petitioner with a

written explanation of his reasons for not doing so (7 NYCRR 253.5).

In view of our determination, we do not reach the petitioner's remaining contentions. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.