■ In the Matter of Joseph Greany, Appellant, v Frank E. Irvin, as Superintendent of Wende Correctional Facility, et al., Respondents. [634 NYS2d 287] —Judgment unanimously affirmed without costs. Memorandum: The contention of petitioner that he was denied due process as well as the right to call witnesses is without merit. At petitioner's rehearing, the Hearing Officer was unable to obtain the presence of two persons petitioner had requested as witnesses but was unable to identify. The Hearing Officer advised petitioner that he was unable to ascertain the identities of those witnesses because the Department of Correctional Services lacked a tracking mechanism to determine who was in a particular cell on a given day and further stated that the prisoner log book did not contain the names or current location of those witnesses. Thus, the record establishes that a sufficient attempt was made to identify the witnesses: "[n]either the departmental regulations nor due process require[s] a more extensive search" (*Matter of Law v Racette*, 120 AD2d 846, 848).

We reject the contention of petitioner that respondent violated 7 NYCRR 254.5 (b) by taking a witness's testimony via speaker-phone. There is no requirement that a witness be physically present when testifying at a Tier III disciplinary hearing. Petitioner's speculation that the person on the speaker-phone was not the witness that he had requested has no support in the record.

The further contention of petitioner that his hearing was untimely because it was not held in accordance with 7 NYCRR 251-5.1 is without merit. Supreme Court directed that the rehearing be commenced within 14 days of its order and completed within seven days thereafter (*cf., Matter of Hawkins*

*v Scully*, 146 AD2d 627), and it is uncontested that the hearing was commenced and completed within that time frame.

With respect to petitioner's five remaining contentions, petitioner failed to exhaust his administrative remedies regarding three of them by not raising them at the Superintendent's hearing (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834), and the others were rendered moot when the determination in the first hearing was reversed and the penalty expunged (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—CPLR art 78.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.