■ In the Matter of RONALD L. MORRIS, Petitioner, v JOHN O'KEEFE, as Superintendent of Gouveneur Correctional Facility, Respondent. [659 NYS2d 521] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following separate tier II disciplinary hearings, petitioner was found guilty of violating prison disciplinary rules prohibiting the unauthorized exchange of personally owned articles, stealing property belonging to others, refusing a direct order and providing legal services to another inmate without approval. The findings of guilt were affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determinations on the ground that they are not supported by substantial evidence.

Upon review of the record, we find that the misbehavior reports, combined with petitioner's testimony and that of a Deputy Superintendent, provide substantial evidence to support the determinations of guilt (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). The first misbehavior report states that petitioner was found in possession of a watch, which further investigation revealed belonged to another inmate, along with 21 alcohol prep pads. This report, together with petition-

er's testimony that he took the alcohol prep pads from a prison bathroom intending to use them for his personal use, support the charge of stealing (*see*, 7 NYCRR 270.2 [B] [17] [iv]). We also find that said misbehavior report, combined with petitioner's admission that he possessed a watch belonging to another inmate which had been given to him by a third inmate, support the determination that petitioner was guilty of an unauthorized exchange of a personally owned article (*see*, 7 NYCRR 270.2 [B] [14] [vi]). Although petitioner testified that he was in possession of the watch for the purpose of returning it to the rightful owner, this explanation merely presented an issue of credibility which the Hearing Officer was free to resolve against him (*see*, *Matter of Foster v Coughlin*, 76 NY2d 964, 966).

The second misbehavior report states that after petitioner was terminated from his program job assignment as a law library clerk, he was ordered by the officer who authored the report to remove his personal property from the law library. A subsequent search revealed that, in addition to personal property, petitioner removed legal documents belonging to other inmates. In our view, this was sufficient evidence to support a finding of guilt as to the charge of refusing a direct order (*see*, 7 NYCRR 270.2 [B] [7] [i]).

Similarly, the charge of providing legal assistance to other inmates without authorization was amply supported by said report and petitioner's testimony that he was authorized to provide legal assistance by virtue of his position as a law clerk, and that he knowingly removed legal paperwork belonging to other inmates even after he had been terminated from his position since he was still working on the documents (*see*, 7 NYCRR 270.2 [B] [26] [vii]). Petitioner argues that there was no evidence that he provided any legal assistance to other inmates. However, his removal of the documents and his statements demonstrate an intent to continue to provide legal assistance after authorization to do so had been withdrawn by his termination, which "constitutes an attempt which is punishable to the same extent as the completed offense" (*Matter of Tate v Senkowski*, 215 AD2d 903, 905, *lv denied* 86 NY2d 708).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.