■ In the Matter of DONALD FAISON, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [702 NYS2d 145] —Appeal from a judgment of the Supreme Court (McGill, J.), entered March 17, 1999 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting interference with an employee and threats. Petitioner commenced this CPLR article 78 proceeding to challenge the determination and Supreme Court subsequently dismissed the petition.

Petitioner claims that he did not receive adequate inmate assistance. The record reveals that the assistant interviewed those witnesses that petitioner wished to have testify and made a meaningful attempt to furnish him with all of the documents

and information that he requested (*see, Matter of Webb v Goord*, 254 AD2d 551, *appeal dismissed* 93 NY2d 849). Consequently, petitioner has failed to establish that the assistance he received was inadequate.

Next, petitioner contends that the Hearing Officer was biased. We disagree. The fact that the Hearing Officer chose to credit the correction officer's testimony, rather than that of petitioner, does not establish bias on the part of the Hearing Officer (*see, Matter of Harris v Corcoran*, 261 AD2d 740). Furthermore, in light of the fact that a witness is not required to be physically present at a hearing (*see, Matter of Greany v Irvin*, 221 AD2d 1027, *lv denied* 88 NY2d 803), testimony offered by the correction officer via speaker phone did not violate petitioner's due process rights (*see, Matter of Almonor v Selsky*, 253 AD2d 929).

Finally, we are unpersuaded that petitioner did not receive a timely tier III hearing. At the time of the incident, petitioner was under a prior confinement order and, therefore, the hearing did not have to commence within seven days (*see, Matter of Nelson v Selsky*, 239 AD2d 795). The hearing was required to commence within nine days of petitioner's return to the facility and it is uncontested that the hearing commenced accordingly.

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.