■ In the Matter of DONALD KAGAN, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [758 NYS2d 555] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 28, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting violation of correspondence procedures,

possession of unauthorized property* and attempted smuggling. The charges of misconduct were filed after petitioner attempted to mail a sealed oversized envelope containing 162 34-cent stamps (with a total value of $55.08) together with an order form for magazines, an envelope with a certified return/receipt slip and a request to the addressee to forward the magazine order as instructed. The determination of petitioner's guilt was affirmed upon administrative appeal. His CPLR article 78 proceeding was subsequently dismissed by Supreme Court, giving rise to this appeal.

Petitioner contends that the administrative determination of his guilt should have been annulled on the ground that the envelope that he attempted to mail was improperly opened and inspected by mailroom personnel without written authorization from the prison superintendent. This contention is without merit. According to 7 NYCRR 720.3 (c) and (d), oversized envelopes submitted for mailing must be left open to enable inspection in the presence of the inmate. Envelopes violating this requirement "will be opened and returned to the inmate" (7 NYCRR 720.3 [p]). As petitioner violated correspondence procedures by attempting to mail an oversized envelope that had already been sealed, mailroom personnel were fully empowered to open it without obtaining any additional authorization (*see generally Matter of Lucas v Scully*, 71 NY2d 399 [1988]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner pleaded guilty to the charge of possession of unauthorized property, conceding that his accumulation of $55.08 in postage stamps violated prison rule 113.16 which prohibits inmates from possessing over $20 in postage stamps (*see* 7 NYCRR 270.2 [B] [14] [vii]).