■ In the Matter of RICKEY MOORE, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [785 NYS2d 605]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 15, 2003 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, became argumentative with a female training supervisor during a work performance evaluation, refused her directive to return to work and made a threatening comment. He was thereafter charged in a misbehavior report with interfering with an employee, refusing a direct order and making threats. Following a tier II disciplinary hearing, he was found guilty of the latter two charges, and the determination was affirmed on administrative appeal. He then commenced this CPLR article 78 proceeding raising only procedural claims. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we find no merit to petitioner's claim that he was improperly denied the right to have certain inmate witnesses testify at the hearing. The correction officer who interviewed the requested witnesses stated that they refused to testify because they did not have sufficient knowledge of the incident in question. He further indicated that they declined to sign witness refusal forms. The correction officer's testimony provided an adequate basis for the Hearing Officer to conclude that the requested witnesses would not testify and he was not required to personally interview each witness to establish that the refusals were genuine (*see Matter of Evans v Selsky*, 278 AD2d 780, 781 [2000]; *Matter of Hodges v Murphy*, 246 AD2d 701 [1998]). Moreover, although the description set forth in the misbehavior report erroneously referred to the rule prohibiting lying and inaccurately referenced the rule number corresponding to refusing a direct order, this did not render the misbehavior report defective as the three rules that petitioner was charged with violating were clearly set forth in the rule violation portion of the report, together with the date, place and time of the incident, so as to provide him with sufficient notice (*see Matter of Hernandez v Selsky*, 9 AD3d 662, 663 [2004], *appeal dismissed and lv denied* 3 NY3d 698 [2004]). Furthermore, inasmuch as the Hearing Officer clarified any confusion on the record, petitioner was not prejudiced by these inaccuracies. We have considered petitioner's remaining contentions, to the extent they have been preserved for our review, and find them to be without merit.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.