■ In the Matter of LEIGHTON SPAULDING, Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, Appellant. [789 NYS2d 758]—

Peters, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 23, 2004 in Clinton County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Southport Correctional Facility in Chemung County, petitioner commenced a CPLR article 78 proceeding challenging a determination finding him guilty of violating certain prison disciplinary rules after the transcript of the hearing could not be produced. By judgment entered August 15, 2003, Supreme Court remitted the matter for a rehearing, but did not set forth a particular time frame within which it was to be commenced. The judgment, together with notice of entry, were then served on petitioner, counsel for the Department of Correctional Services (hereinafter DOCS) and the Superintendent of Southport Correctional Facility (hereinafter Superintendent) on August 19, 2003. Petitioner received these documents on August 21, 2003. DOCS counsel forwarded a copy of the judgment to the office of Donald Selsky, DOCS Director of Special Housing and Inmate Disciplinary Programs, which was responsible for handling rehearings. It was received by Selsky's office on September 4, 2003. On September 5, 2003, a member of Selsky's office sent the Superintendent an administrative reversal memorandum directing that the rehearing be commenced within seven days of the receipt of the memorandum. The rehearing commenced September 11, 2003 and, at its conclusion, petitioner was again found guilty of the charges.

The determination was affirmed by respondent upon administrative appeal.

Petitioner commenced the instant CPLR article 78 proceeding challenging the determination on the basis that the rehearing was not timely commenced within seven days of the Superintendent's receipt of notice that a rehearing had been ordered by the court, presumably on August 21, 2003 when he received notice, as required by 7 NYCRR 251-5.1 (a). Following joinder of issue, Supreme Court granted the petition and, among other things, annulled the determination. Respondent now appeals.

The issue of the timeliness of the rehearing in this case turns upon the applicability of 7 NYCRR 251-5.1 (a). That regulation provides:

"Where an inmate is confined pending a disciplinary hearing or superintendent's hearing, the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement pending said disciplinary hearing or superintendent's hearing, but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee" (7 NYCRR 251-5.1 [a]). By its express terms, it applies to hearings, not to a situation, such as that presented here, where a rehearing has been ordered. To address this specific circumstance, Selsky issued an October 15, 1984 memorandum, which was distributed to all Superintendents throughout the state, that provides guidance on the issue presented in the case at hand. The second paragraph of the memorandum provides that the rehearing "should be conducted in accordance with the timeliness requirements stated on the court-order or Departmental Review Board order." Only if no such time requirements are stated in those documents are the provisions of 7 NYCRR 251-5.1 (a) applicable.* Here, the administrative reversal memorandum sent by Selsky's office and received by the Superintendent on September 5, 2004 explicitly stated that the rehearing was to commence within seven days of receipt of said memorandum. The rehearing commenced on September 11, 2003, well within this time period. Consequently, we find that the rehearing was timely and Supreme Court erred in finding otherwise (see Matter of Morales v Selsky, 297 AD2d 894, 895 [2002], appeal dismissed, lv denied 100 NY2d 531 [2003]; Matter of Rodriguez v Coombe, 239 AD2d 854, 854 [1997], lv dismissed 91 NY2d 907 [1998]). In view of our disposition, we need not address respondent's remaining claim.

---

* To the extent that the Second Department adopted a different interpretation of Selsky's October 15, 1984 memorandum in Matter of Hawkins v Scully (146 AD2d 627 [1989]), we decline to follow it.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.