■ In the Matter of CHRIS HYNES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [817 NYS2d 168]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rules that compel compliance with institutional correspondence procedures and which prohibit smuggling and unauthorized legal assistance to other inmates. Following a tier III disciplinary hearing, petitioner was found guilty of all three charges. Upon administrative review, respondent confirmed the determination. Petitioner thereafter commenced this

---

proceeding, pursuant to CPLR article 78, seeking review of respondent's determination.

Initially, we note that inasmuch as petitioner has not challenged the charges of compliance with institutional correspondence procedures or smuggling, we deem such claims to be abandoned (*see Matter of Douglas v Goord,* 24 AD3d 922 [2005]). With respect to the unauthorized legal assistance charge, petitioner contends that the evidence does not support that determination (*see* 7 NYCRR 270.2 [B] [26] [vii]). We disagree. The misbehavior report and the testimony of the authoring correction officer established that an oversized article of outgoing mail addressed to petitioner's father and bearing petitioner's name and address as the return address was intercepted and opened because it was sealed and there was no indication that it had been inspected as required (*see* 7 NYCRR 720.3 [c], [d], [p]; *see also Matter of Kagan v Selsky,* 305 AD2d 832 [2003]). The article contained legal material related to another inmate's CPLR article 78 proceeding and bore several blank spaces for that inmate's signature. Notably, the other inmate was housed at a different correctional facility and the article contained a disbursement form for postage. The record, including petitioner's own testimony, further reveals that although he may have had permission to provide legal assistance to other inmates at one time, no such permission existed at the time the article was intercepted. Inasmuch as the foregoing provides substantial evidence to support respondent's determination, it will not be disturbed (*see Matter of Petrucco v Barkley,* 260 AD2d 705, 705-706 [1999]; *Matter of Morris v O'Keefe,* 240 AD2d 994, 994-995 [1997]).

Nor are we persuaded that petitioner was improperly deprived of his right to call certain witnesses. The record indicates that the testimony of the requested witnesses would not have been relevant to the issue of petitioner's guilt. Accordingly, the Hearing Officer's denial of those witnesses was appropriate (*see Matter of Seymour v Goord,* 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Trammell v Selsky,* 10 AD3d 787, 788-789 [2004]). Finally, petitioner was not denied adequate employee assistance as the documents sought by him either did not exist or were provided to him at the hearing (*see Matter of Murphy v Selsky,* 3 AD3d 631, 632 [2004]).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.