■ In the Matter of HECTOR ACEVEDO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [820 NYS2d 905]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the course of a pat frisk, correction officers discovered a razor blade wrapped in tape in petitioner's sock, as a result of which petitioner was charged in a misbehavior report with possessing contraband and possessing an altered item. Petitioner attended the tier III disciplinary hearing that followed but was removed from the hearing prior to its conclusion because petitioner repeatedly interrupted the Hearing Officer, refused to comply with the Hearing Officer's instructions and made requests that the Hearing Officer viewed as attempts to deliberately delay and frustrate the hearing process. The hearing then proceeded in petitioner's absence and, ultimately, petitioner was found guilty of the underlying charges. The Hearing Officer's determination was affirmed upon administrative appeal with a modified penalty, prompting petitioner to commence this CPLR article 78 proceeding to challenge the finding of guilt.

Petitioner's primary contention on review is that he was improperly removed from the hearing and that testimony was inappropriately taken outside his presence. We are not so persuaded. The Hearing Officer warned petitioner on three separate occasions that if he continued to interrupt the orderly process of the hearing, he would be removed and the hearing would continue in his absence. Each time petitioner indicated that he understood the Hearing Officer's warnings. A review of the transcript reveals that in addition to the foregoing warnings, the Hearing Officer repeatedly implored petitioner to remain quiet, assuring petitioner that he indeed would be given an opportunity to make a statement, call witnesses and present his evidence, but also reminding petitioner that there was a process to be followed in conducting the underlying hearing. Despite the Hearing Officer's requests and/or warnings, petitioner persisted in interrupting, often talking over the Hearing Officer, and ignored the Hearing Officer's reasonable directives regarding the conduct of the hearing. Under such circumstances, we cannot say that the Hearing Officer erred in excluding petitioner from the remainder thereof (*see Matter of Davis v Goord*, 21 AD3d 606, 608 [2005]; *Matter of Polanco v*

*Bennett,* 6 AD3d 846 [2004]; *Matter of Beckles v Selsky,* 273 AD2d 584, 585 [2000], *lv denied* 95 NY2d 764 [2000]; *but see Matter of Holmes v Drown,* 23 AD3d 793 [2005]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been examined and found to be lacking in merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.