■ In the Matter of TERRENCE WILLIAMS, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 522]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault on staff, violent conduct and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was affirmed on administrative appeal and this proceeding ensued.

We confirm. The misbehavior report, the testimony of its author and another correction officer, the unusual incident report and the use of force report provide substantial evidence to support the finding of guilt (*see Matter of Griffith v Selsky*, 32 AD3d 595, 596 [2006]; *Matter of Larkins v Goord*, 27 AD3d 810 [2006]). Petitioner's denial of the assault and his claim that the officers' testimony was inconsistent created a credibility issue for the Hearing Officer to resolve (*see Matter of Harris v Fletcher*, 30 AD3d 948, 948 [2006]). Petitioner also contends that he was denied the right to call witnesses. The record reflects that the correction officer who interviewed the inmates testified that each gave a reason why he did not wish to testify and that he wrote their reasons on the refusal forms. Under the circumstances, there was an adequate explanation for the witnesses' refusal and, as they had not previously agreed to testify, the Hearing Officer was not required to personally interview them (*see Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]; *Matter of Moore v Senkowski*, 13 AD3d 683, 684 [2004]; *Matter of Boyd v Selsky*, 232 AD2d 929, 929-930 [1996]). Similarly, we find nothing improper in the denial of petitioner's request to call 10 correction officers as witnesses, as the record indicates that their testimony would have been irrelevant or redundant to the testimony of the officers who did testify (*see Matter of Jiminez v Selsky*, 29 AD3d 1246, 1247 [2006]; *Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]).

Finally, in light of the fact that petitioner was repeatedly warned that further interruptions of the Hearing Officer would result in his removal from the hearing, we find no merit to his claim that his removal was improper (*see Matter of Acevedo v Goord*, 32 AD3d 1143, 1144 [2006]; *Matter of Green v Goord*, 32 AD3d 1076, 1077 [2006]). Petitioner's remaining contentions have been reviewed and also found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.