■ In the Matter of DAVID PARKINSON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [853 NYS2d 412]—

Kane, J.

The misbehavior report, unusual incident reports and the testimony by numerous correction officers provide substantial evidence to support the determination that petitioner struck two correction officers, attempted to strike one a second time and wrestled with them while resisting their control (*see Matter of Williams v Goord*, 36 AD3d 1033, 1033 [2007]). The testimony from petitioner and two inmate witnesses, stating that the correction officers attacked petitioner and another inmate for no reason, created an issue of credibility for the Hearing Officer to resolve (*see Matter of Barnes v Goord*, 279 AD2d 685, 685 [2001]).

The Hearing Officer reasonably refused to call or recall certain witnesses. Although only two inmates besides petitioner testified, 12 more were contacted and refused to testify, as evidenced by their signed witness refusal forms (*see Matter of Moore v Senkowski*, 13 AD3d 683, 684 [2004]). Petitioner failed

to indicate any relevance or new information that could be provided when he requested the testimony of every correction officer assigned to the shift and each of the inmates in the holding pen. The information he sought by recalling two officers was irrelevant to the ultimate determination and only sought to impeach them on minor details (*see Matter of Pica v Selsky*, 274 AD2d 712, 713 [2000]). The Hearing Officer appropriately denied the testimony of medical personnel who treated petitioner after the incident, as such testimony was irrelevant to the determination on the charged misconduct (*see Matter of Thomas v Goord*, 293 AD2d 787, 788 [2002], *lv denied* 98 NY2d 613 [2002]). Having heard or sought the testimony from nearly 30 witnesses, the Hearing Officer reasonably limited further testimony based on redundancy (*see Matter of Williams v Goord*, 36 AD3d at 1033; *Matter of Gill v Selsky*, 240 AD2d 831, 831 [1997]). It was not an abuse of his discretion to take the testimony of an inmate outside petitioner's presence to preserve institutional safety, considering that the two were charged with assaulting staff in the same incident and a correction officer saw the two engaged in a confrontational situation (*see* 7 NYCRR 254.5 [b]). The Hearing Officer obtained questions from petitioner before questioning the inmate and played the tape of that inmate's testimony for petitioner (*see id.*).

Although a portion of the hearing transcript is missing because the Hearing Officer inadvertently recorded over some testimony, the record is sufficient for appellate review. The portion that is missing contained part of petitioner's explanation of his version of the incident, but he provided this information again later in the hearing. Under the circumstances, the transcript is adequate to permit meaningful review of the hearing (*see Matter of Fama v Mann*, 196 AD2d 919, 920 [1993], *lv denied* 82 NY2d 662 [1993]; *compare Matter of Muhammad v Selsky*, 279 AD2d 742, 743 [2001]).

Despite the lack of adequate assistance prior to the hearing, the Hearing Officer remedied the situation by providing petitioner all of the documents he requested, save those that did not exist or were irrelevant to the charged misbehavior, and additional time was granted to permit petitioner to review those documents (*see Matter of Lebron v McGinnis*, 26 AD3d 658, 658-659 [2006], *lv denied* 7 NY3d 704 [2006]; *see also Matter of Hynes v Goord*, 30 AD3d 652, 653 [2006]; *Matter of Parker v Laundree*, 234 AD2d 727, 728 [1996]). Thus, he was not prejudiced by the original inadequacy (*see Matter of Moss v Goord*, 36 AD3d 977, 978 [2007]). The record does not disclose any bias by the Hearing Officer, nor that the determination

flowed from anything other than evidence of petitioner's guilt (*see Matter of De La Cruz v Selsky*, 36 AD3d 907, 907 [2007]; *Matter of Tumminia v Goord*, 294 AD2d 727, 728 [2002], *lv denied* 99 NY2d 502 [2002]; *Matter of Rossi v Portuondo*, 277 AD2d 615, 616 [2000], *lv denied* 96 NY2d 706 [2001]). Petitioner's remaining contentions have been reviewed and found lacking in merit.

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.