■ In the Matter of CHRIS APPLEWHITE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [853 NYS2d 444]—

Petitioner was charged in a misbehavior report with engaging in violent conduct and assaulting staff. A tier III disciplinary hearing ensued and, during the course thereof, petitioner was expelled for disruptive behavior. The hearing proceeded in petitioner's absence and, ultimately, petitioner was found guilty of engaging in violent conduct, but not guilty of assaulting staff.

Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding contending solely that he was improperly removed from the disciplinary hearing. Supreme Court disagreed and dismissed the petition, prompting this appeal.

We affirm. The record reveals that shortly after the disciplinary hearing commenced, petitioner accused the Hearing Officer of "conspir[ing] to deprive [him] of [his] rights" and threatened to sue the Hearing Officer if the charges against him were sustained. The Hearing Officer responded that he would entertain appropriate objections, but would not tolerate such threats. Petitioner continued to lodge objections, accused the Hearing Officer of being biased and claimed that he received inadequate employee assistance, which the Hearing Officer duly noted and attempted to address. During this colloquy, petitioner repeatedly called the Hearing Officer a liar, and the Hearing Officer, in turn, repeatedly warned petitioner that if he continued to make such comments, he would be removed. Petitioner persisted and the Hearing Officer expelled petitioner from the hearing. Given petitioner's disruptive, argumentative and antagonistic behavior, we cannot say that the Hearing Officer erred in removing him from the remainder of the hearing (*see Matter of Marie v Goord*, 34 AD3d 1019 [2006]; *Matter of Acevedo v Goord*, 32 AD3d 1143, 1144 [2006]; *Matter of Raqiyb v Goord*, 24 AD3d 1013 [2005]). Accordingly, the petition was properly dismissed.

Mercure, J.P., Carpinello, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.