# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1164**
**CA 10-00954**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF MICHAEL MELENDEZ,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

JAMES L. BERBARY, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY, BRIAN FISCHER,
COMMISSIONER, AND NORMAN R. BEZIO, DIRECTOR,
S.H.U./INMATE DISCIPLINARY PROGRAMS, NEW YORK
STATE DEPARTMENT OF CORRECTIONAL SERVICES,
RESPONDENTS-RESPONDENTS.

---

MICHAEL MELENDEZ, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (M. William Boller, A.J.), entered February 18, 2010 in a
proceeding pursuant to CPLR article 78. The judgment dismissed the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a Tier III disciplinary
hearing, that he violated inmate rule 113.13 (7 NYCRR 270.2 [B] [14]
[iii] [making or possessing an alcoholic beverage]). We reject
petitioner's contention that the determination should be annulled on
the ground that he received inadequate assistance from the employee
assistant assigned to his case pursuant to 7 NYCRR 251-4.1. "[I]n
order to succeed on his claim that the assistance was inadequate,
petitioner must establish that prejudice resulted from the employee
assistant's failure to comply with [7 NYCRR 251-4.2]" (*Matter of
Serrano v Coughlin*, 152 AD2d 790; *see Matter of Rodriguez v Herbert*,
270 AD2d 889, 889-890). Pursuant thereto, the assistant may, inter
alia, "assist the inmate in obtaining documentary evidence or written
statements which may be necessary." Even assuming, arguendo, that the
assistant could and should have obtained the documents requested by
petitioner, we conclude that petitioner was not prejudiced thereby.
At the hearing, the Hearing Officer provided petitioner with "all of
the documents he requested, save those that did not exist or were
irrelevant to the charged misbehavior" (*Matter of Parkinson v Selsky*,

49 AD3d 985, 986).  Although petitioner asserts that he could have shown that the signature on one of the documents was forged if it had been provided to him sooner, there is no evidence to support his allegation of forgery.  Finally, we reject petitioner's remaining contention that he was not provided with advance notice of the charges against him and that he was thus denied a fair hearing on that basis. The record establishes that petitioner knew well before the hearing that he was alleged to have possessed alcohol, and he had ample opportunity to prepare his defense.

Entered:  November 18, 2011             Patricia L. Morgan
                                                           Clerk of the Court