*1232 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assault, violent conduct, fighting and refusing a direct order as a result of a fight between himself and another inmate. Following a tier III disciplinary hearing, he was found guilty as charged. This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. Initially, to the extent that petitioner argues in his petition that the determination was not supported by substantial evidence, he has abandoned that claim by failing to advance it in his brief (see Matter of Huggins v Noeth, 106 AD3d 1351, 1352 [2013]). Contrary to petitioner’s contention, he was not improperly denied the right to call the other inmate involved in the fight as a witness. The inmate never agreed to testify and signed two refusal forms that included his reason for refusing (see Matter of Lamage v Fischer, 100 AD3d 1176, 1176 [2012]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]). Further, the Hearing Officer was not required to personally interview the inmate, as he made a sufficient inquiry through a correction officer as to the facts surrounding the refusal (see Matter of Williams v Goord, 36 AD3d 1033, 1033 [2007]; Matter of Bowers v Goord, 264 AD2d 876, 876 [1999]). Finally, petitioner’s contention that he was denied a fair hearing is unavailing as there is no indication in the record that the Hearing Officer was biased or had predetermined his guilt, or that the determination flowed from any alleged bias (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]).
Peters, PJ., Lahtinen, Garry, Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.