*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 13, 2014        518602
_____

In the Matter of TORRANCE
   DICKERSON,
               Petitioner,

    v                            MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
               Respondent.
_____

Calendar Date: September 16, 2014

Before: Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ.

_____

     Torrance Dickerson, Comstock, petitioner pro se.

     Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

     After an investigation revealed that petitioner solicited an acquaintance to bring drugs into the correctional facility, petitioner was charged in a misbehavior report with smuggling, possession of contraband, possession of drugs and failing to comply with facility visitation procedures. Although petitioner was initially found guilty of the infractions following a tier III disciplinary hearing, this Court annulled that determination and remitted the matter for a rehearing (see Matter of Dickerson v Fischer, 105 AD3d 1232, 1232 [2013]). Following the rehearing,

petitioner was again found guilty as charged and the determination was affirmed upon administrative review, with a modified penalty.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, the hearing testimony, the transcript of the telephone conversation between petitioner and the acquaintance and the positive drug test results provide substantial evidence supporting the determination of guilt (see Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]; Matter of Rodriguez v Fischer, 111 AD3d 998, 998 [2013]).  Further, inasmuch as the rehearing was commenced within the time period prescribed in the Department of Corrections and Community Supervision's reversal memorandum and proper extensions were obtained, the rehearing was commenced and completed in a timely manner (see Matter of Spaulding v Goord, 15 AD3d 768, 768-769 [2005]).  We also conclude that the Hearing Officer did not err in taking the testimony of an inmate witness outside of petitioner's presence, as petitioner was given an opportunity to provide questions for the Hearing Officer to ask the witness and was permitted to listen to the tape recording of the testimony (see 7 NYCRR 254.5 [b]; Matter of Parkinson v Selsky, 49 AD3d 985, 986 [2008]).  Finally, the record establishes that an unbroken chain of custody of the contraband was maintained (see Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]; Matter of Quinones v Fischer, 67 AD3d 1285, 1286 [2009]).  Petitioner's remaining claims have been considered and found to be without merit.

Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court