State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    September 15, 2016                    521329
_____

In the Matter of ALBERT
    SHERMAN,
                              Petitioner,

        v                                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                              Respondent.
_____

Calendar Date:    August 8, 2016

Before:    McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Albert Sherman, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with assault on staff, violent conduct, creating a disturbance, refusing a direct order, violating facility movement regulations and violating facility frisk procedures.  According to the report, when a correction officer ordered petitioner to pack his property for a transfer, he refused and became disruptive.  The officer escorted him to a foyer where petitioner refused to allow the officer to frisk him, he grabbed the officer and they struggled until help arrived.  An initial tier III hearing finding him

guilty of all charges was reversed on administrative appeal. Following a rehearing, petitioner was again found guilty of all charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The testimony of the correction officer involved in the incident, together with the misbehavior report, unusual incident report and use of force report, provide substantial evidence supporting the determination (see Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]; Matter of Reynoso v Fischer, 73 AD3d 1315, 1315-1316 [2010]). Petitioner's differing version of events and his assertion that the officer's testimony was inconsistent created credibility issues for the Hearing Officer to resolve (see Matter of Wilson v Annucci, 129 AD3d 1422, 1422 [2015]; Matter of Williams v Goord, 36 AD3d 1033, 1033 [2007]). With respect to petitioner's request for a copy of the tape recording of the first hearing, the Hearing Officer inquired and found that such tape no longer existed (see Matter of Malik v Bezio, 76 AD3d 1128, 1128 [2010]), and petitioner was not deprived of a fair hearing by the absence of a copy of such tape (see Matter of Madden v Griffin, 109 AD3d 1060, 1061-1062 [2013], lv denied 22 NY3d 860 [2014]).

Petitioner was not improperly denied the right to call witnesses. He requested that two former employees of the Department of Corrections and Community Supervision be produced as witnesses. The Hearing Officer attempted to locate such individuals, including making calls that went unreturned to phone numbers that they had left with the Department when retiring. By the time of the hearing, they were civilians no longer under the Department's control and the Hearing Officer made reasonable and substantial efforts to contact them (see Matter of Davila v Prack, 113 AD3d 978, 979 [2014], lv denied 23 NY3d 904 [2014]; Matter of Vizcaino v Selsky, 26 AD3d 574, 575 [2006], lv denied 7 NY3d 708 [2006]). The inmate witnesses that petitioner requested refused to testify, and their reasons were set forth on the record (see Matter of Williams v Goord, 36 AD3d at 1033; Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]; Matter of Moore v Senkowski, 13 AD3d 683, 684 [2004]).

Contrary to petitioner's assertion, the record reveals that the hearing was "conducted in a fair and impartial manner, and there is nothing to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Allen v Venettozzi, 139 AD3d 1208, 1209 [2016]; see Matter of Thousand v Prack, 139 AD3d 1212, 1213 [2016]; Matter of Hawkins v Fischer, 72 AD3d 1378, 1379 [2010]). Petitioner's remaining arguments, to the extent preserved, have been considered and found to lack merit.

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court