## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 26, 2017          522839
_____

In the Matter of LUIS LOPEZ,
                    Petitioner,

            v                         MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

Luis Lopez, Dannemora, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a search or frisk, refusing a direct order, violent conduct, assault on staff and creating a disturbance. The charges followed an incident that occurred while petitioner was being pat frisked by a correction officer, in which petitioner repeatedly punched and kicked that officer, slamming her back into the cage. When several correction officers arrived to assist, petitioner punched and assaulted them, refusing direct orders to stop, and was eventually subdued. Following a tier III disciplinary hearing, petitioner was found guilty of the charges

and penalties were imposed, and that determination was upheld upon administrative review.  This CPLR article 78 proceeding ensued.

The misbehavior report and supporting documents, including the incident report and use of force report, as well as the testimony of several officers involved in the incident and the officer who investigated it and prepared a report, provide substantial evidence to support the determination of guilt (see Matter of Bowen v Annucci, 142 AD3d 1216, 1216 [2016]; Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [2016]).  Petitioner's denial that he engaged in the charged conduct and claim that, while being pat frisked, he was struck in the back of the head and assaulted by correction officers in retaliation for a grievance he had filed against one of them created a credibility issue for the Hearing Officer to resolve (see Matter of Sherman v Annucci, 142 AD3d at 1197).  Petitioner's account was not supported by any other evidence or testimony, and was contradicted by the accounts of all officers involved.

Petitioner was not improperly denied the right to call witnesses.  In response to petitioner's request to call the correction officer involved in the pat frisk who petitioner assaulted, starting the melee, the Hearing Officer advised him that she had resigned and was not obligated to testify and, after she was contacted by a facility disciplinary officer, that she had refused to do so.  The disciplinary officer then testified, confirming that he contacted the former officer by telephone and that she had refused to testify.  As this requested witness was a civilian "no longer under [respondent's] control and the Hearing Officer made reasonable and substantial efforts to contact [her]," no deprivation of the right to call witnesses occurred (id. at 1197).  Likewise, the three inmates at issue who petitioner requested as witnesses had declined to testify prior to the hearing and signed witness refusal forms providing reasons for their refusal, and the record reflects that the Hearing Officer interviewed them and confirmed their refusals and signatures on the refusal forms and that they had not been coerced.  Under these circumstances, there was no violation of petitioner's right to call witnesses (see Matter of Gano v Venettozzi, 142 AD3d 1240, 1241 [2016]; Matter of Chandler v

Annucci, 135 AD3d 1258, 1259 [2016]).

McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court