Matter of White v Annucci (2020 NY Slip Op 02147)





Matter of White v Annucci


2020 NY Slip Op 02147


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528916

[*1]In the Matter of Dequana White, Respondent,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Appellant.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for appellant.
Prisoners' Legal Services of New York, Ithaca (Alissa R. Hull of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Nichols, J.), entered February 7, 2019 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
In October 2018, petitioner, an inmate, was charged with violations of certain disciplinary rules. A tier III hearing was held, after which petitioner was found guilty as charged. The determination was subsequently reversed on administrative appeal and a rehearing was ordered. In preparation for the rehearing, which was to take place at Southport Correctional Facility, petitioner requested that four inmate witnesses testify on his behalf. In response to that request, a Hearing Officer advised petitioner that, for "security reasons," the requested witnesses would not physically be brought into the hearing room to testify. Following the rehearing, petitioner was again found guilty of all charges, for which the Hearing Officer imposed 545 days in the special housing unit and recommended the loss of good time credit in the amount of three months.
Petitioner administratively appealed, arguing, among other things, that the evidence adduced at the hearing did not support the Hearing Officer's determination. Prisoners' Legal Services of New York then filed a supplemental administrative appeal on petitioner's behalf arguing, in pertinent part, that the Hearing Officer failed to set forth an adequate factual basis for the taking of witness testimony outside of petitioner's presence. Ultimately, the determination was administratively affirmed. Petitioner then commenced this CPLR article 78 proceeding, arguing, among other things, that his right to call witnesses to testify on his behalf and be present for their testimony was violated when the Hearing Officer, without further explanation, refused to permit petitioner's witnesses to be brought into the hearing room for security reasons (see 7 NYCRR 254.5 [b]) and that his right to be present at his disciplinary proceeding was similarly infringed upon by the Hearing Officer's actions (see 7 NYCRR 254.6 [a] [2]). Respondent answered, asserting, in relevant part, that petitioner had waived any challenge in regard to the foregoing procedural issues by failing to raise an objection at the time of the hearing. Supreme Court, finding that petitioner's foregoing claims were properly before it, ruled that the Hearing Officer's failure to provide petitioner with a factual basis for why he could not be present during the testimony of his witnesses violated petitioner's rights under both 7 NYCRR 254.5 (b) and 254.6 (a) (2). The court accordingly granted the petition, annulled the determination and ordered that the disposition be expunged from petitioner's institutional record and that he be restored to the status he held prior to the hearing. Respondent appeals.
Respondent initially contends that Supreme Court erred in concluding that petitioner's procedural claims were sufficiently preserved for judicial review. Although we agree with respondent that petitioner's claim under 7 NYCRR 254.6 (a) (2) is unpreserved, as it was raised for the first time in the context of this CPLR article 78 proceeding, we find that petitioner sufficiently preserved his 7 NYCRR 254.5 (b) claim by raising it during the course of the administrative appeal (see generally Matter of Lashway v Keyser, 178 AD3d 1224, 1225 [2019]; Matter of Rosales v Annucci, 151 AD3d 1748, 1750 [2017], lv denied 30 NY3d 902 [2017]).
That said, even if we agreed with petitioner that the Hearing Officer failed to give a sufficiently detailed factual basis as to the security reasons necessitating the taking of witness testimony outside of his presence, we conclude that he suffered no prejudice. The record discloses that the Hearing Officer provided petitioner with an opportunity to state what questions he wanted to ask these witnesses and petitioner did so. All four of the requested witnesses testified outside of petitioner's presence, either in person or via speaker phone, and their recorded testimonies were later played back to petitioner (see 7 NYCRR 254.5 [b]; Matter of Dickerson v Annucci, 122 AD3d 1046, 1047 [2014]; Matter of Janis v Prack, 106 AD3d 1297, 1297 [2013], lv denied 21 NY3d 864 [2013]; Matter of Parkinson v Selsky, 49 AD3d 985, 986 [2008]; Matter of Bernacet v Coughlin, 145 AD2d 802, 804 [1988], lv denied 74 NY2d 603 [1989]). Furthermore, we note that the four witnesses provided exculpatory testimony that supported petitioner's account of the incident at issue (see Matter of Bates v Coughlin, 145 AD2d 854, 856 [1988], lv denied 74 NY2d 602 [1989]). Accordingly, Supreme Court erred in granting the petition.
Clark, J.P., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, without costs, and petition dismissed.