Matter of Gentry v Annucci (2023 NY Slip Op 03638)

Matter of Gentry v Annucci

2023 NY Slip Op 03638

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

507 CA 22-01093

[*1]IN THE MATTER OF RONDUE GENTRY, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARMTENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered June 20, 2022, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated, the determination is confirmed without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to CPLR article 78, petitioner seeks to annul the determination, following a tier III disciplinary hearing, that he violated certain inmate rules. Petitioner appeals from a judgment that dismissed the petition.
We note at the outset that, because the petition raises the issue whether the determination following an evidentiary hearing is supported by substantial evidence, Supreme Court should have transferred the proceeding to this Court (see CPLR 7804 [g]). We now consider the matter de novo, as if it had been properly transferred to us (see Matter of Medina v Graham, 71 AD3d 1598, 1598 [4th Dept 2010]; Matter of Hosmer v New York State Off. of Children & Family Servs., 289 AD2d 1042, 1042 [4th Dept 2001]).
Petitioner contends that the determination was not supported by substantial evidence and that he was denied a fair hearing because the Hearing Officer failed to call a retired sergeant and failed to obtain certain video footage of the underlying events. Contrary to petitioner's contention, the determination that petitioner violated inmate rules 113.10 (7 NYCRR 270.2 [B] [14] [i]), 113.23 (7 NYCRR 270.2 [B] [14] [xiii]), and 114.10 (7 NYCRR 270.2 [B] [15] [i]) is supported by substantial evidence (see generally People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]). Although petitioner contends that the witnesses' testimony was inconsistent, any inconsistencies in the testimony "created credibility issues for the Hearing Officer to resolve" (Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [3d Dept 2016]).
Moreover, we conclude that the Hearing Officer did not violate petitioner's right to call witnesses. The Hearing Officer "made a meaningful effort to locate and produce" the retired sergeant whom petitioner requested (Matter of Davies v Johnson, 203 AD2d 970, 970 [4th Dept 1994]; see Sherman, 142 AD3d at 1197).
Finally, we reject petitioner's contention that the Hearing Officer improperly denied petitioner access to one of the video recordings of the underlying events. We note that the Hearing Officer "requested the recording and was advised by facility staff that the video did not [*2]exist" (Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020], lv denied 36 NY3d 903 [2020]).
We therefore vacate the judgment, confirm the determination, and dismiss the petition.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court