Matter of Abdullah v New York State Dept. of Corr. & Community Supervision (2023 NY Slip Op 06298)

Matter of Abdullah v New York State Dept. of Corr. & Community Supervision

2023 NY Slip Op 06298

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 7, 2023

CV-22-2168
[*1]In the Matter of Ashraf Abdullah, Petitioner,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:November 9, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Ashraf Abdullah, Otisville, petitioner pro se.
Letitia James, Attorney General, Albany (Alexandria R. Twinem of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review two determinations of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following a tier III disciplinary hearing, petitioner was found guilty as charged in a November 13, 2021 misbehavior report with violent conduct, assault on an incarcerated individual, fighting, possession of a weapon and possession of contraband and a penalty was imposed. The charges stemmed from an incident behind the bleachers in the prison yard in which incarcerated individuals were observed fighting, one swinging a net bag striking the face of another participant, who fell to the ground. The response team was called, after which one incarcerated individual was found under the bleachers with facial injuries and petitioner was found near the bleachers with the net bag containing a rock, with lacerations and cuts. That determination was later affirmed on administrative appeal,[FN1] and this CPLR article 78 proceeding ensued.
The misbehavior report, testimony of the correction officers who were in the yard or responded and the related detailed documents that described the incident, petitioner's injuries and his possession of the net bag containing a rock provide substantial evidence to support the determination of guilt with regard to the charges in the November 13, 2021 misbehavior report (see Matter of Dancy v Annucci,219 AD3d 1031, 1032 [3d Dept 2023]; Matter of Hickson v Annucci,214 AD3d 1290, 1290 [3d Dept 2023]). Contrary to his claim, the conclusion that petitioner possessed the net bag and assaulted the victim with it was supported by the evidence, including the testimony of a correction officer in the yard that, during the fight, he observed an incarcerated individual swing a net bag at another incarcerated individual, the statement of a confidential witness read at the hearing recounting that he saw petitioner swing the net bag at the victim and the testimony of another correction officer that established that petitioner was found near the site of the fight with injuries and holding the net bag containing a rock. Petitioner's denial that he participated in the fight, his exculpatory explanation for his injuries and the testimony of the other incarcerated individuals indicating that he was not involved presented credibility issues for the Hearing Officer to resolve (see Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023]).
We are unpersuaded by petitioner's claim that he was improperly denied the testimony of a correction officer who, along with another officer who did testify, found him in possession of the net bag containing a rock. The Hearing Officer made multiple, diligent, albeit unsuccessful efforts to secure the testimony of the officer, including trying to contact him on two hearing dates and leaving voicemail messages that went unreturned[*2], but the officer had retired without leaving an updated, working cell phone number (see Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [3d Dept 2016]; Matter of Wright v Bezio, 64 AD3d 1109, 1110 [3d Dept 2009]; see also Matter of Gentry v Annucci, 217 AD3d 1569, 1570 [4th Dept 2023]). Moreover, the testimony of the officer would have been redundant, as another officer testified to finding petitioner carrying the net bag (see 7 NYCRR 254.5 [a]; Matter of Walton v Annucci, 217 AD3d 1302, 1303 [3d Dept 2023], lv denied 40 NY3d 906 [2023]). As the officer "was a civilian no longer under respondent[s'] control and the Hearing Officer made reasonable and substantial efforts to contact [him], no deprivation of the right to call witnesses occurred" (Matter of Lopez v Annucci, 146 AD3d 1262, 1263 [3d Dept 2017] [internal quotation marks, brackets and citation omitted]). We have considered petitioner's remaining contentions and find that they are unavailing.
Egan Jr., J.P., Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the portion of the petition challenging the determination finding petitioner guilty of possession of a weapon and possession of contraband as charged in the November 23, 2021 misbehavior report is dismissed, as moot, without costs.
ADJUGED that the determination finding petitioner guilty of violent conduct, assault on an incarcerated individual, fighting, possession of a weapon and possession of contraband as charged in the November 13, 2021 misbehavior report is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner was later charged with violating additional prison disciplinary rules in a second tier III misbehavior report on November 23, 2021, but the Attorney General advised this Court that the resulting determination of guilt, which petitioner also challenges in this CPLR article 78 proceeding, was reversed, all references to it have been administratively expunged from his institutional record and the surcharge will be refunded to his account. As such, any challenge to that determination has been rendered moot (see Matter of Valdez-Cruz v Collado, 219 AD3d 1652, 1653 [3d Dept 2023]).