■   In the Matter of ANDREW SWARTZ et al., Appellants, v DONALD WALLACE et al., Constituting the Board of Building and Zoning Appeals of the City of Albany, Respondents. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered September 5, 1980 in Albany County, which, *inter alia,* denied petitioners' application, in a proceeding pursuant to CPLR article

78, to annul a determination of the Board of Building and Zoning Appeals of the City of Albany. In February, 1980, the owner of premises at 356 Madison Avenue in the City of Albany applied to respondent Board of Building and Zoning Appeals of the City of Albany (board) for a use variance relieving her of certain restrictions contained in the City of Albany zoning ordinance (ordinance). Her property was located in an area zoned under the ordinance against the use of any building for more than a two-family unit dwelling. However, having recently acquired the property, she desired to rehabilitate it as three apartments. The record before the board established that the subject premises had a history of use as a three-family unit dwelling which preceded the enactment of the ordinance, but that this use ceased when the building was completely vacant during all of 1975 and 1976. Under section 7.210 of the ordinance, nonuse for 12 months or more is deemed a discontinuance of any nonconfirming use, which may not thereafter be re-established. The board refrained from granting the variance sought. It nevertheless, approved the application by electing to waive the 12-month nonuser provision of section 7.210, citing as authority its decisions to the same effect in earlier, similar cases. Petitioners, a nonprofit neighborhood improvement association and its chairman, brought a petition pursuant to CPLR article 78 to have the board's decision annulled and vacated. Special Term denied the relief requested, holding that the board had the power to waive the statutory period of discontinuance and could thereby authorize the restoration of the building into three-family units. The court further held, however, that the board's reliance merely upon documentation of the prior nonconforming use was an insufficient basis for the waiver, and, therefore, remitted the case to the board for redetermination. Petitioners have appealed Special Term's order. A preliminary matter to be disposed of is whether the appeal is properly before this court. Since Special Term remitted the case to the board for further determination, no judgment has been entered in this article 78 proceeding. Therefore, the order of Special Term was not appealable as of right (CPLR 5701, subd [b], par 1). Petitioners' proper mode of seeking review was to have sought permission to appeal (CPLR 5701, subd [c]). However, in view of respondents' failure to move to dismiss the appeal on this ground, the significant involvement of the order in the merits of this proceeding, and the importance of the issues presented, which apparently involve the validity of a policy of the board reflected in a series of its prior determinations, the case is an appropriate one for us to grant permission to appeal *sua sponte* (cf. *Matter of Nemeroff Realty Corp. v Kerr,* 38 AD2d 437, 440, affd 32 NY2d 873). Turning to the merits, the basis of Special Term's determination upholding the authority of the board to waive the 12-month nonuser provision of section 7.210 of the ordinance was subdivision 4 of section 81 of the General City Law, which provides, in pertinent part: "Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of any such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use * * * of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." Special Term reasoned that if the appropriate criteria of "practical difficulties or unnecessary hardship" were met, the board was empowered to "vary or modify" the 12-month nonuser discontinuance of a nonconforming use contained in section 7.210 of the ordinance for the accomplishment of substantial justice. Special Term did not cite, nor have respondents on appeal cited, any precedent for this interpretation of subdivision 4 of section 81 of the General City Law. Section 81 has been described as an

enabling statute authorizing a city to create a board of zoning appeals and to delegate to the board the power to relieve persons of the oppressive operation of a zoning law in particular instances of hardship (see Anderson, New York Zoning Law and Practice [2d ed], vol 1, § 17.13; vol 2, §§ 18.04, 18.06). Corresponding legislation for towns and villages has also been enacted (Town Law, § 267, subd 5; Village Law, § 7-712). Regarding relief from the application of individually oppressive land and building use restrictions in local zoning laws, by longstanding interpretations of the "unnecessary hardship" language of the enabling statutes, the courts have held that the sole remedy is the granting of a use variance by the board of zoning appeals, but only upon findings, supported by detailed proof, (1) that the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality (see *Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254; *Matter of Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86; *Matter of Hickox v Griffin,* 298 NY 365; *Matter of Otto v Steinhilber,* 282 NY 71). Recently, in *Matter of Village Bd. of Vil. of Fayetteville v Jarrold (supra),* the Court of Appeals reconfirmed its policy that the granting of relief from local zoning law use restrictions by zoning boards of appeal be subjected to strict judicial scrutiny: "Absent a uniform and rigorous standard, it is apparent that even a well-intentioned zoning board 'by piecemeal exemption which ultimately changes the character of the neighborhood * * * [may create] far greater hardships than that which a variance may alleviate' * * *. Unjustified variances likewise may destroy or diminish the value of nearby property and adversely affect those who obtained 'residences in reliance upon the design of the zoning ordinance' * * *. These evils, not unlike those associated with the universally condemned practice of spot zoning, have been zealously guarded against by this court [citations omitted]" *(id.,* at pp 259-260). In the instant case, the application by the owner to the board sought, purely and simply, a use variance. The restriction on use of any building for more than one- or two-family unit dwellings in the area where the subject premises were located was a typical zoning law use restriction. Special Term's interpretation of subdivision 4 of section 81 of the General City Law in this case would, therefore, give zoning boards of appeal the power to grant relief from use restrictions unfettered by the rigorous standards judicially imposed in use variance cases, and would permit the creation of the very evils of uneven and nonuniform zoning administration condemned in *Matter of Village Bd. of Vil. of Fayetteville (supra).*\* Therefore, this statutory basis for upholding the board's action may not be sustained. Likewise, the board's waiver of the 12-month period for discontinuance of a nonconforming use cannot be justified, as respondents contend, under the authority to "interpret" the ordinance granted in other sections. Section 7.210 is clear and unambiguous in expressing the legislative intent that any vested rights created through a pre-existing nonconforming use are completely extinguished after discontinuance of that use for 12 months or more. Under *Matter of Sun Oil Co. of Pa. v Board of Zoning Appeals of Town of Harrison* (57 AD2d 627,

---

\* The possible dichotomy in outcomes resulting from not requiring adherence to use variance procedures is dramatically illustrated in the instant case, since Special Term ruled that a variance could not be granted here, as a matter of law, under the doctrine of "self-imposed hardship". For purposes of this appeal, we do not pass upon the validity of that ruling (see *Matter of Paplow v Minsker,* 43 AD2d 122). Nor do we pass upon the validity of the assertion contained in respondents' brief that under the ordinance, the board lacks authority to grant use variances.

affd 44 NY2d 995), the inclusion of a specified time period, reasonable in length, such as here, conclusively forecloses any further inquiry concerning discontinuance of a nonconforming use once nonuse for the requisite period is established. Permitting a waiver of the statutorily specified time period under the guise of "interpretation" is nothing more than granting the board power to engage in piecemeal amendment of the ordinance by, in effect, selective deletion of the time period in section 7.210. Such an amendment to the ordinance is clearly beyond the power of the board as an administrative agency (see *Matter of Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86, 90-91, *supra;* 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.58). Accordingly, the order of Special Term should be reversed, the petition granted, and the determination of the board annulled, without prejudice to a renewal of the owner's application for a use variance and consideration of the issues presented therein by the board, including whether such application is barred under the doctrine of "self-imposed hardship" and whether a use variance may be granted under the ordinance. Order reversed, on the law, without costs, petition granted, and determination annulled, without prejudice to a renewal of the owner's application for a use variance. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.