■ In the Matter of DARREN JOHNAKIN, Respondent, v JAMES RACETTE, as Superintendent of Adirondack Correctional Facility, et al., Appellants. — Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered July 24, 1984 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Respondents contend that petitioner waived his right to inmate assistance at the Superintendent's proceeding on charges of marihuana use that were contained in a misbehavior report and that, therefore, petitioner cannot now claim the denial of such right as a basis for challenging the administrative determination affirming the disposition of the Superintendent's proceeding. Petitioner claims that he was entitled to assistance under 7 NYCRR 251-4.1,[1] which provides:

"An inmate shall have the opportunity to pick an employee from an established list of persons who shall assist the inmate when a misbehavior report has been issued against the inmate if * * *

---

1. On this appeal, respondents do not dispute petitioner's claim that he was entitled to assistance, but instead rely upon the waiver argument.

"(b) the complexity of the issues make [*sic*] it unlikely that the inmake [*sic*] will be able to collect and present the evidence necessary for an adequate comprehension of the case".

This right to assistance granted by 7 NYCRR 251-4.1 (b) is no broader than that afforded to an inmate by the due process clause of the US Constitution, as articulated by the Supreme Court in *Wolff v McDonnell* (418 US 539, 570). Accordingly, we are concerned with a right of constitutional dimension, which can only be waived upon a showing that the inmate was informed of its existence and made a knowing and intelligent waiver (*Matter of Burke v Coughlin,* 97 AD2d 862, 863),[2] and the existence of such a knowing and intelligent waiver must appear in the record of the Superintendent's proceeding under review. That record herein contains nothing to indicate that petitioner was advised of the right, was aware of its existence or had any knowledge of its scope. Documents from prior Superintendent's proceedings involving petitioner, submitted with respondents answer, were not a part of the Superintendent's proceeding under review herein and have no bearing on whether petitioner knew that he had a right to assistance due to the complexity of the issues in this particular case and elected to proceed without assistance.

Special Term's judgment annulling the administrative determination should therefore be affirmed.

Judgment affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

2. Since assistance in a complex case is a due process right as well as a regulatory right, *Matter of Collazo v Wilmot* (75 AD2d 655, 656), upon which respondents rely, is not applicable.