■ In the Matter of JAMES BROWN, Respondent, v JOHN R. O'KEEFE, as Superintendent of Ogdensburg Correctional Facility, et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered April 21, 1987 in St. Lawrence County, which, upon reargument, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Ogdensburg Correctional Facility in St. Lawrence County, was charged in an inmate misbehavior report with using controlled substances based upon the presence of benzodiazepine in a urine test. At the ensuing Superintendent's hearing, petitioner indicated that he had never heard of benzodiazepine. After being informed that it is the chemical name for Valium, petitioner pleaded not guilty. He denied using Valium, stating that he had taken cold capsules and aspirin. Petitioner was found guilty based upon the drug test result and a penalty was imposed.

Petitioner commenced this CPLR article 78 proceeding alleging that he had not been informed of his right to assistance

in preparing for the hearing. Supreme Court found that petitioner's case was "complex" and that respondents erred in not informing petitioner of his right to an assistant in preparing his case. The determination was annulled and the matter remitted for a rehearing. A subsequent motion for renewal and reargument was granted, but Supreme Court adhered to its original decision. This appeal by respondents followed.

Initially, respondents concede that the order is not appealable as of right since it involves a CPLR article 78 proceeding in which no judgment was entered and the matter was remitted for further nonministerial proceedings *(see,* CPLR 5701 [b] [1]; *Matter of Swartz v Wallace,* 87 AD2d 926, 927; *Matter of Redemption Church of Christ of Apostolic Faith v Williams,* 84 AD2d 648). The proper procedure would have been for respondents to seek permission for the appeal *(see,* CPLR 5701 [c]). However, granting permission to appeal *sua sponte (see, Matter of Swartz v Wallace, supra,* at 927), we nevertheless affirm Supreme Court's order. In *Matter of Johnakin v Racette* (111 AD2d 579) this court held that where a "complex case" is involved, an inmate's right to assistance is "a right of constitutional dimension, which can only be waived upon a showing that the inmate was informed of its existence and made a knowing and intelligent waiver" *(supra,* at 580). No such showing was made here. Hence, Supreme Court properly annulled the determination and remitted the matter for a new hearing.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.