■ In the Matter of JOEL CLAYMAN, Petitioner, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility, dated September 23, 1986, which, after a hearing, found that the petitioner violated prison rules prohibiting extortion and the making of threats against other inmates and imposed a penalty of nine months' confinement to cell, nine months' loss of telephone and commissary privileges and 60 days' loss of accrued good time.

Adjudged that the petition is granted, the determination is annulled, on the law, without costs or disbursements, the charges are dismissed, and the respondents are directed to restore the petitioner's good time credit and to expunge all references to the Superintendent's hearing and the underlying misbehavior report from his records.

The petitioner, an inmate at Green Haven Correctional Facility, was charged with violating prison rules prohibiting extortion and the making of threats against other inmates, based upon information provided to a correction officer by a confidential informant. The petitioner denied the charges, but was not permitted to call the informant as a witness at the hearing held with respect thereto, was not permitted to be present during vital portions of the correction officer's testimony and was not permitted to see the confidential information relied upon by the Hearing Officer, all based upon the Hearing Officer's conclusory statements that to grant the petitioner's requests would jeopardize institutional safety or correctional goals (see, 7 NYCRR 254.5). Those conclusory statements were insufficient to satisfy the requirements of 7 NYCRR 254.5 (a), which provides that if an inmate's request to call a witness is denied on the basis that to grant the request would jeopardize institutional safety or correctional goals, "the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the

*specific threat* to institutional safety or correctional goals presented" (emphasis added).

The respondents also violated 7 NYCRR 251-4.1 (a), which gives an inmate such as the petitioner who is confined, and therefore unable to prepare his defense, the right to an employee assistant. The record establishes that when presented with a list of employee assistants to choose from, the petitioner indicated that none of them were acceptable because they were all sergeants and the officer who had lodged the complaint against him was a sergeant as well. The petitioner requested other choices and was told that his request would be considered. However, at the hearing, the Hearing Officer denied the petitioner's further request on the basis that he had waived his right to an employee assistant. Clearly no knowing and intelligent waiver may be inferred from the petitioner's conduct *(see, Matter of Garcia v LeFevre,* 64 NY2d 1001; *Matter of Law v Racette,* 120 AD2d 846). Furthermore, at the hearing, the petitioner indicated that had he been informed that his choice was limited to the names on the list, he would have chosen one of the sergeants. In fact, the petitioner sought to call the officer who presented him with the selection form as a witness to substantiate his allegations, but his request was denied. The Hearing Officer then steadfastly refused to give the petitioner the option of choosing one of the sergeants on the list and thereby deprived him of his right to an employee assistant.

Under the facts of this case, the foregoing due process violations require the annulment of the respondents' determination. Given that the petitioner has already served his penalty, the respondents are directed to restore the petitioner's good time credit and expunge this incident from his records *(see, Matter of Hartje v Coughlin,* 70 NY2d 866; *Matter of Perez v Wilmot,* 111 AD2d 757, *revd on other grounds* 67 NY2d 615). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.