■ In the Matter of IGNACIO REYNOSO, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Franklin Correctional Facility, Respondent. [608 NYS2d 127] —White, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered February 19, 1993 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

■ In the Matter of IGNACIO REYNOSO, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [606 NYS2d 393] —Mercure, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered February 23, 1993 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

At the conclusion of a tier III hearing, petitioner, then an inmate at Franklin Correctional Facility in Franklin County, was found guilty of lewd exposure as the result of an incident that took place in the facility law library on February 1, 1992. Following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding seeking annulment of the administrative determination upon the grounds that the hearing was not conducted in a timely manner, that he received inadequate assistance and that he was deprived of his right to call witnesses. Supreme Court dismissed the petition on the merits and petitioner now appeals.

We affirm. First, we reject the contention that the administrative hearing was not conducted in a timely manner. The hearing commenced on February 7, 1992, the sixth day following the writing of the misbehavior report (see, 7 NYCRR 251-5.1 [a]), and on February 14, 1992, the 13th day following the writing of the misbehavior report, the Hearing Officer obtained an extension to February 18, 1992 due to family illness. The hearing was concluded on February 18, 1992 in accordance with the terms of the extension (see, 7 NYCRR 251-5.1 [b]). Moreover, petitioner has alleged no prejudice as the result of the delay in concluding the hearing (see, Matter of Lugo v Coughlin, 182 AD2d 920; Matter of Barrett v Senkowski, 180 AD2d 977, lv dismissed 80 NY2d 826).

Second, the assistant's failure to interview every unnamed person present in the law library at the time of the incident did not violate 7 NYCRR 251-4.2, which merely required him to speak with and explain the charges to the inmate, to "interview witnesses and to report the results of his efforts to the inmate" (see, Matter of Reveron v Coughlin, 142 AD2d 860, 861), and the assistant did interview a number of the individuals who were present (see, Matter of Serrano v Coughlin, 152 AD2d 790, 792). In any event, any error was obviated by the Hearing Officer's offer to look for more witnesses, should it appear necessary, and waived by petitioner's failure to accept the offer (see, Matter of Reveron v Coughlin, supra). Finally, petitioner acquiesced in one inmate's refusal to testify, thereby waiving his right to judicial review of the claim that the witness should have been produced at the hearing or that inquiry should have been made as to why he was unwilling to testify (see, Matter of McClean v LeFevre, 142 AD2d 911, 912).

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.