■ In the Matter of Luis Vega, Appellant, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, Respondent. [609 NYS2d 262] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Correctional Services dated October 22, 1990, which affirmed the determination of a Hearing Officer, made after a hearing, finding that the petitioner had used a controlled substance while in prison, and imposing a penalty of 45 days' special housing and 180 days' loss of privileges, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated January 15, 1992, which dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated *(see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872); and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On August 9, 1990, the petitioner, an inmate at the Green Haven Correctional Facility, was randomly selected to provide a urine specimen for drug testing. The petitioner complied. The urinanalysis result indicated the presence of cocaine in the petitioner's urine. Shortly thereafter a second test on the same specimen also indicated the presence of cocaine. The petitioner was issued a misbehavior report, and the test results were subsequently introduced into evidence at a superintendent's hearing.

At the hearing, the petitioner did not dispute the accuracy of the test results, but contended that the positive results were attributable to his having innocently drank Health Inca Tea, a product which the Food and Drug Administration has

found to contain cocaine and which was available in health food stores until 1988, when it was banned. In support of his contention, the petitioner called a fellow inmate, Jose Martinez, as a witness. Martinez testified that, a few weeks earlier, he had given the petitioner a package of Health Inca Tea bags, which he had received from the package room of the correctional facility after visiting hours on July 26, 1990. The petitioner contended that he had used the last of the tea bags the day before he had submitted the urine specimen and that he had thrown the box away since he had no idea that his use of Health Inca Tea would create such a problem.

At the close of the superintendent's hearing, the Hearing Officer indicated that he did not believe that Health Inca Tea contained a sufficient amount of cocaine to produce a false positive urinanalysis and that, in any event, he did not believe that the petitioner had, in fact, consumed Health Inca Tea since the petitioner failed to produce any bags of the tea or the box in which the bags had been packaged. Accordingly, the Hearing Officer found the petitioner guilty of using a controlled substance while in prison. The Commissioner affirmed the Hearing Officer's determination. The Supreme Court confirmed the administrative determination and dismissed the petition. The petitioner now appeals from that judgment.

The Supreme Court should have transferred the petition to this Court for determination in the first instance since the issue on appeal is whether the determination is supported by substantial evidence *(see,* CPLR 7804 [g]; *Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840; *Matter of O'Brien v Steisel,* 104 AD2d 817). This Court may, therefore, consider the matter as if it had been properly transferred *(see, Matter of Quinn v Werner,* 96 AD2d 1079).

Upon a *de novo* consideration, we find that the determination is supported by substantial evidence. A written misbehavior report, by itself, can constitute substantial evidence of an inmate's misconduct *(see, Matter of Perez v Wilmot,* 67 NY2d 615), and "[t]he positive result of an EMIT test, when confirmed, as here, by the result of a second EMIT test, constitutes substantial evidence to support the determination" *(Matter of McKins v Coughlin,* 142 AD2d 987; *see also, Matter of Lahey v Kelly,* 71 NY2d 135, 138). Moreover, the testimony of the petitioner and his witness is not conclusive. The Hearing Officer, who had to determine their credibility *(see, Matter of McKins v Coughlin, supra),* was entitled to discredit their

testimony *(see, Matter of Perez v Wilmot, supra)*. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.