■ In the Matter of JOEL JAMES, Petitioner, v WAYNE STRACK et al., Respondents. [625 NYS2d 265] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Fishkill Correctional Facility, dated August 4, 1993, which affirmed the determination of a Hearing Officer, made after a hearing, finding that the petitioner violated a disciplinary rule prohibiting the possession of contraband and imposing a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On July 26, 1993, a misbehavior report was filed charging the petitioner, an inmate at the Fishkill Correctional Facility, with a violation of a disciplinary rule proscribing the possession of contraband. After a Tier II disciplinary hearing at

which only the petitioner and another inmate testified, the Hearing Officer found the petitioner guilty of possessing contraband.

It is well settled that "[a] written misbehavior report can constitute substantial evidence of an inmate's misconduct" *(Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of Perez v Wilmot,* 67 NY2d 615, 616). In this case, the misbehavior report, which was written and signed on the same day as the incident by the correction officer who witnessed it, was sufficiently detailed, relevant and probative to constitute substantial evidence supporting the Hearing Officer's finding of guilt *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 140; *Matter of Price v Coughlin,* 195 AD2d 995; *Matter of Rogers v Mitchell,* 194 AD2d 1059). Moreover, the Hearing Officer, who heard the testimony of the petitioner and the other inmate, could properly disbelieve their testimony and credit the statements contained in the misbehavior report *(see, Matter of Oro v Keane,* 211 AD2d 796; *Matter of Patterson v Senkowski,* 204 AD2d 831; *Matter of Vega v Coughlin,* 202 AD2d 597).

The petitioner contends that the Hearing Officer erred by failing to call the correction officer who authored the misbehavior report as a witness. However, the record shows that shortly after the Hearing Officer announced his decision to adjourn the hearing so that the correction officer could be produced as a witness, the petitioner stated that he no longer wanted the officer to testify. Thus, the petitioner has waived this claim *(see, Matter of Reynoso v LeFevre,* 199 AD2d 886; *Matter of Nina v Coughlin,* 191 AD2d 942). In any event, it is well settled that a "Hearing Officer is under no obligation to call the reporting officer as a witness * * * nor is the Hearing Officer required to make petitioner's case for him" *(Matter of Hardwick v Coughlin,* 187 AD2d 1034; *see also, Matter of Feliciano v Coughlin,* 206 AD2d 571). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.