■ In the Matter of Luis Avincola, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, et al., Respondents. [725 NYS2d 116] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from fighting. After an unsuccessful administrative appeal, petitioner commenced this proceeding, alleging that the determination was not supported by substantial evidence and that various procedural errors require annulment. Although the misbehavior report is sufficient to constitute substantial evidence to support the determination of guilt (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139-140; *Matter of Gloster v Goord*, 278 AD2d 568), annulment and remittal is required based upon the denial of petitioner's right to an employee assistant.

Our review of the "assistant selection form" contained in the record reveals that although the box indicating petitioner's waiver of his right to select an assistant has been checked, the form was not signed by petitioner and there is no indication that he refused to sign. At the commencement of the hearing, the Hearing Officer acknowledged petitioner's apparent challenge to the alleged waiver but determined to proceed with the hearing stating that he would "see where we're going here and if I think that there is a need for an assistant we'll take care of it." Given that this was a tier III hearing for which inmates are entitled to employee assistance (*see,* 7 NYCRR 254.4, 251-4.1 [a] [4]), and in the absence of clear evidence of a knowing and intelligent waiver of that right (*see, Matter of Brown v O'Keefe*, 141 AD2d 915; *Matter of Johnakin v Racette*, 111 AD2d 579), we find that the hearing should have been adjourned to provide petitioner with an employee assistant to aid in the preparation of his defense. In light of our decision, we need not address petitioner's remaining contention.

Mercure, J. P., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.