■ In the Matter of MICHAEL H. KRALL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [766 NYS2d 153] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the use of a controlled substance after his urine specimen twice tested positive for the presence of cocaine and cannabinoids. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding claiming that the annulment of the determination is required due to the lack of substantial evidence and other procedural errors. Upon our review of the record, we conclude that the determination must be annulled because petitioner was denied the right to an employee assistant.

At the commencement of the hearing, petitioner objected to the fact that he never received employee assistance and explained that, despite the notation on the assistant selection form, he did not waive his right to assistance. Instead of adjourning the hearing in order to provide petitioner with an employee assistant, the Hearing Officer continued with the hearing and supplied some of the documentation that petitioner requested during the course of the hearing. Departmental regulations require that an inmate be provided with an assistant when a misbehavior report charges the inmate with drug use as a result of a urinalysis test (*see* 7 NYCRR 251-4.1 [a] [3]; 254.4). Such "right to assistance is 'a right of constitutional dimension, which can only be waived upon a showing that the inmate was informed of its existence and made a knowing and intelligent waiver' " (*Matter of Brown v O'Keefe,* 141 AD2d 915, 916 [1988], quoting *Matter of Johnakin v Racette,* 111 AD2d 579, 580 [1985]; *see Matter of Avincola v Goord,* 283 AD2d 748

[2001]). Here, given the total lack of employee assistance and the nature of the charges, we find that the hearing should have been adjourned in order to provide petitioner with the assistance to which he was entitled in order to aide in the preparation of his defense (*see Matter of Avincola v Goord, supra*). In light of our decision, we need not address petitioner's remaining contentions.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.