■ In the Matter of HASAUN GRIGGER, Petitioner, v GLEN S. GOORD, Respondent. [828 NYS2d 569]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated June 17, 2005, made after a Tier III superintendent hearing, as modified by a decision of the director of the Special Housing/Inmate Disciplinary Program, dated August 1, 2005, finding that the petitioner had violated institutional rules, and imposing penalties.

Adjudged that the determination, as modified, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the respondent's determination of guilt was supported by substantial evidence, which consisted of the misbehavior report containing a corrections officer's first hand, contemporaneous narrative, together with the reasonable inferences to be drawn therefrom (*see Matter of Foster v Coughlin,* 76 NY2d 964 [1990]; *Matter of Perez v Wilmot,* 67 NY2d 615 [1986]; *Matter of James v Strack,* 214 AD2d 674 [1995]).

While the petitioner contends that his due process rights were violated as a result of a defect in the misbehavior report, the respondent effectively cured the error by providing the petitioner with a copy of the missing, pre-printed language and by adjourning the hearing for three days to permit him more time to prepare a defense. The petitioner therefore failed to demonstrate any prejudice accruing to him as a result of the error (*see Matter of Rivera v Selsky,* 266 AD2d 295 [1999]; *Matter of Rivera v Keane,* 225 AD2d 699 [1996]).

The petitioner's remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.