■ In the Matter of WESLEY VAUGHN, Petitioner, v ROBERT M. ORLANDO, Assistant Warden of the Westchester County Jail, Respondent. [913 NYS2d 318]—

Proceeding pursuant to CPLR article 78 to review a determination of Robert M. Orlando, the Assistant Warden of the Westchester County Jail, dated October 16, 2008, which confirmed a determination of a hearing officer dated October 14, 2008, made after a disciplinary hearing, finding the petitioner guilty of the charges of disorderly conduct, attempted possession of any contraband, and attempted possession of a controlled substance, and imposing penalties.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the determination is annulled and the matter is remitted to the respondent for a new hearing and a new determination thereafter in accordance herewith, the petition is otherwise denied, and the proceeding is otherwise dismissed.

On October 8, 2008, the petitioner, an inmate in the custody of the Westchester County Department of Correction, was served with a disciplinary report charging him with disorderly conduct, attempted possession of any contraband, and attempted possession of a controlled substance. Upon being served with the disciplinary report, the petitioner was immediately confined to administrative segregation pending a disciplinary hearing. Following a disciplinary hearing, the petitioner was found guilty of the charges. Upon the petitioner's administrative appeal of the hearing officer's determination, Robert M. Orlando, the Assistant Warden of the Westchester County Jail (hereinafter the Warden), confirmed the determination.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, to challenge the Warden's determination. In an order dated January 30, 2009, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the Supreme Court should have disposed of the petitioner's argument that the determination was affected by an error of law, specifically, that it was rendered in violation of due process requirements, before transferring the proceeding to this Court to address the substantial evidence question raised by the petition (*see* CPLR 7804 [g]; *Matter of Tolliver v Fischer*, 68 AD3d 884, 885 [2009]), since the full record is now before us, we will decide the entire proceeding on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]).

"A prison disciplinary determination made as a result of a

hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Ramsey v Phillips*, 11 AD3d 470 [2004]). Here, the evidence presented at the disciplinary hearing, including the disciplinary report, provided substantial evidence to support the determination that the petitioner was guilty of the charged offenses (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119 [1995]; *Matter of Maxwell v Fischer*, 74 AD3d 1342 [2010]; *Matter of Lawrence v Edwards*, 261 AD2d 404 [1999]; *Matter of James v Strack*, 214 AD2d 674, 675 [1995]). Contrary to the petitioner's contention, under the circumstances of this case, chemical test results were not required in order to find him guilty of the charges set forth in the disciplinary report (*see Matter of Johnson v Goord*, 7 AD3d 863, 864 [2004]; *Matter of Minton v Goord*, 263 AD2d 811 [1999]).

However, "[a] prisoner charged with violating a prison regulation which could result in the loss of 'good time' credit is entitled to minimal due process protections" (*Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146 [1990], citing *Wolff v McDonnell*, 418 US 539 [1974]; *see Matter of Stallone v Fischer*, 67 AD3d 125, 128 [2009]). Here, the petitioner was confined to administrative segregation prior to his disciplinary hearing and, therefore, was unable to prepare his defense (*see Matter of Clayman v Scully*, 144 AD2d 668, 669 [1988]). Accordingly, he had a right to assistance in connection with his disciplinary proceeding pursuant to the Due Process Clause of the Fourteenth Amendment (*see Eng v Coughlin*, 858 F2d 889, 897-898 [1988]) and state regulations governing disciplinary proceedings in county jails and penitentiaries (*see* 9 NYCRR 7006.6 [a]; *see also* 7 NYCRR 251-4.1 [a] [4]). Under the facts of this case, where the petitioner was not provided with assistance and the record does not reflect that he made a knowing and intelligent waiver of this right, the Warden's determination must be annulled and the matter must be remitted for a new disciplinary hearing (*see Matter of Krall v Selsky*, 309 AD2d 1027, 1027-1028 [2003]; *Matter of Avincola v Goord*, 283 AD2d 748 [2001]; *Matter of Brown v O'Keefe*, 141 AD2d 915, 916 [1988]; *Matter of Johnakin v Racette*, 111 AD2d 579, 580 [1985]; *see also Matter of Clayman v Scully*, 144 AD2d at 669). Covello, J.P., Florio, Eng and Chambers, JJ., concur.