Matter of Campbell v Lorde-Gray (2020 NY Slip Op 02036)





Matter of Campbell v Lorde-Gray


2020 NY Slip Op 02036


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10902
 (Index No. 952/18)

[*1]In the Matter of Rohan Campbell, petitioner,
v
J. Lorde-Gray, et al., respondents.


Rohan Campbell, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer at the Green Haven Correctional Facility dated January 12, 2018. The determination, made after a tier II disciplinary hearing, found the petitioner guilty of violating prison disciplinary rule 107.11 (7 NYCRR 270.2[B][8][ii]), and imposed penalties.
ADJUDGED that the petition is granted, without costs or disbursements, to the extent that the determination is annulled, and the matter is remitted to the respondents for a new hearing and a new determination thereafter in accordance herewith, the petition is otherwise denied, and the proceeding is otherwise dismissed.
Following a tier II disciplinary hearing on January 12, 2018, a hearing officer found that the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was guilty of violating prison disciplinary rule 107.11 (7 NYCRR 270.2[B][8][ii]), prohibiting harassment of prison staff. The hearing officer imposed penalties of 30 days keeplock upon the petitioner, as well as the loss of certain privileges. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the hearing officer's determination. By order dated September 11, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The petitioner was wrongly denied an employee assistant to help him prepare his defense (see 7 NYCRR 251-4.1[a][4]). "A prisoner charged with violating a prison regulation which could result in the loss of good time' credit is entitled to minimal due process protections" (Matter of Laureano v Kuhlman, 75 NY2d 141, 146, citing Wolff v McDonnell, 418 US 539; see Matter of Vaughn v Orlando, 79 AD3d at 1050). Prior to his disciplinary hearing, the petitioner was confined to administrative segregation and was, therefore, unable to prepare his defense (see Matter of Vaughn v Orlando, 79 AD3d at 1050; Matter of Clayman v Scully, 144 AD2d 668, 669). Contrary to the respondents' contention, 7 NYCRR 251-4.1(a) makes no distinction between a tier II and a tier III disciplinary hearing with regard to an inmate's right to an employee assistant (see 7 NYCRR 251-4.1[a][4]).
The petitioner had a right to assistance in connection with his disciplinary proceeding [*2]pursuant to the Due Process Clause of the Fourteenth Amendment (see Eng v Coughlin, 858 F2d 889, 897-898 [2d Cir]) and state regulations governing inmate disciplinary proceedings (see 7 NYCRR 251-4.1[a][4]). Accordingly, where the petitioner was not provided with assistance and the record reflects that he requested such assistance, the hearing officer's determination must be annulled and the matter remitted for a new disciplinary hearing and a new determination thereafter (see Matter of Vaughn v Orlando, 79 AD3d at 1050).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court