Matter of Wimberly v Annucci (2020 NY Slip Op 04355)





Matter of Wimberly v Annucci


2020 NY Slip Op 04355


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

529964

[*1]In the Matter of Jalah Wimberly, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 26, 2020

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for petitioner.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in or encouraging a sexual act, violating visitation procedures and creating a disturbance. The charges stemmed from an incident in the visitation room in which a correction officer observed petitioner's wife rubbing petitioner's penis. Following a tier III disciplinary hearing, petitioner was found guilty as charged and that determination was upheld on administrative appeal. This CPLR article 78 proceeding followed.
We confirm. The detailed misbehavior report — standing alone — provides substantial evidence to support the determination (see Matter of Espinal v Annucci, 175 AD3d 1696, 1696 [2019]; Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [2018], lv denied 32 NY3d 919 [2019]). We reject petitioner's contention that he was improperly denied a video recording of the visitation room. The Hearing Officer requested the recording and was advised by facility staff that the video did not exist (see Matter of Lashway v Keyser, 178 AD3d 1224, 1225 [2019]; Matter of Mullins v Annucci, 177 AD3d 1061, 1061 [2019]). As to petitioner's claim that he was improperly denied the right to call witnesses, the record reflects that, although petitioner initially requested the testimony of an inmate witness, he later informed the Hearing Officer that he no longer wanted the witness's testimony and had no further evidence to present. Accordingly, this claim was waived (see Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]; Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]). Petitioner's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.