Matter of Simon v Morton (2022 NY Slip Op 05324)

Matter of Simon v Morton

2022 NY Slip Op 05324

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2018-12708
 (Index No. 1105/18)

[*1]In the Matter of Milton Simon, appellant,
v
Robert Morton, Jr., respondent.

Milton Simon, Ossining, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a designee of the Superintendent of the Downstate Correctional Facility dated January 22, 2018, which affirmed a determination of a hearing officer dated January 19, 2018, made after a tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rule 113.24 (7 NYCRR 270.2[B][14][xiv]) and imposing penalties, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated July 13, 2018. The judgment dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
Following a tier II disciplinary hearing, the petitioner, an inmate at the Downstate Correctional Facility, was found guilty of violating prison disciplinary rule 113.24 (7 NYCRR 270.2[B][14][xiv]). In a determination dated January 22, 2018, a designee of the Superintendent of the Downstate Correctional Facility affirmed the hearing officer's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated January 22, 2018, alleging that he was denied due process at the hearing. In a judgment dated July 13, 2018, the Supreme Court dismissed the proceeding. The petitioner appeals.
"A prisoner charged with violating a prison regulation which could result in the loss of 'good time' credit is entitled to minimal due process protections" (Matter of Laureano v Kuhlmann, 75 NY2d 141, 146, citing Wolff v McDonnell, 418 US 539; see Matter of Cumberland v Annucci, 161 AD3d 859, 860). In a tier II disciplinary hearing, an inmate "shall be provided with an assistant in accordance with the provisions of Subpart 251-4" (7 NYCRR 253.4), which provided at the time of the petitioner's hearing that "[a]n inmate shall have the opportunity to pick an employee from an established list of persons who shall assist the inmate when a misbehavior report has been issued against the inmate if . . . the inmate is charged with drug use as a result of a urinalysis test" (former 7 NYCRR 251-4.1[a][3]). An inmate may knowingly and intelligently waive the right to assistance (see Matter of Vaughn v Orlando, 79 AD3d 1048, 1050; Matter of Krall v Selsky, 309 AD2d 1027, 1027).
Here, initially, the petitioner was improperly denied assistance (cf. Matter of Rivera [*2]v Prack, 122 AD3d 1226, 1227; Matter of Krall v Selsky, 309 AD2d at 1027-1028). Thereafter, a hearing officer remedied that defect in the proceedings by twice offering the petitioner assistance during the hearing. By refusing to avail himself of the assistance that was offered to him, the petitioner waived his right to assistance (see Matter of Carter v Goord, 303 AD2d 796, 796-797; Matter of Raqiyb v Bartlett, 175 AD2d 974, 974; cf. Matter of Greene v Keane, 207 AD2d 345, 345; Matter of Jackson v Coughlin, 129 AD2d 639, 640).
The parties' remaining contentions are without merit.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court