Matter of White v LaManna (2022 NY Slip Op 06010)

Matter of White v LaManna

2022 NY Slip Op 06010

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-09171
 (Index No. 670/19)

[*1]In the Matter of Thomas White, petitioner,
v
Jamie LaManna, etc., respondent.

Thomas White, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated January 23, 2019. The determination affirmed a determination of a hearing officer dated January 5, 2019, made after a tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rules 100.15, 104.11, 104.13, 106.10, 107.10, and 115.10 (7 NYCRR 270.2[B][1][vi]; [5][ii], [iv]; [7][i]; [8][i]; [16][i]), and imposing penalties.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated January 23, 2019, as affirmed the findings that the petitioner was guilty of violating Institutional Rules of Conduct rules 100.15 and 104.11 (7 NYCRR 270.2[B][1][vi]; [5][ii]) is annulled, those charges are dismissed, and the respondent is directed to expunge all references to those findings from the petitioner's institutional record, the petition is otherwise denied, the determination dated January 23, 2019, is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
An inmate misbehavior report was filed against the petitioner, charging him with violating the following rules prohibiting certain inmate behavior set forth at 7 NYCRR 270.2: 100.15 (7 NYCRR 270.2[B][1][vi] [disorderly conduct]), 104.11 (7 NYCRR 270.2[B][5][ii] [violent conduct]), 104.13 (7 NYCRR 270.2[B][5][iv] [creating a disturbance]), 106.10 (7 NYCRR 270.2[B][7][i] [refusing a direct order]), 107.10 (7 NYCRR 270.2[B][8][i] [interference with an employee]), and 115.10 (7 NYCRR 270.2[B][16][i] [refusing search or frisk]). The misbehavior report alleged that the petitioner refused a direct order to spit out an object observed in his mouth during a random frisk procedure. The petitioner then allegedly made a sudden movement toward the hallway in an attempt to flee, and force became necessary. Following a tier II disciplinary hearing, the petitioner was found guilty of all the charges. Upon the petitioner's administrative appeal of the hearing officer's determination, the superintendent's designee affirmed the determination.
The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the determination of the superintendent's designee. In an order dated July 26, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"A prison disciplinary determination must be supported by substantial evidence, meaning that in order to sustain a determination of guilt, a court must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Bryant v Coughlin, 77 NY2d 642, 647; see Matter of Johnson v Griffin, 168 AD3d 734, 735-736; Matter of Price v Phillips, 4 AD3d 364, 365). A written misbehavior report made by an employee who observed an incident or ascertained the facts can constitute substantial evidence of an inmate's misconduct so long as it is sufficiently relevant and probative (see Matter of Bryant v Coughlin, 77 NY2d at 647; Matter of Johnson v Griffin, 168 AD3d at 736; Matter of Costantino v Goord, 38 AD3d 657, 658). In this case, the misbehavior report, which was written and signed on the same day as the incident by the correction officer who was involved in the incident, was sufficiently detailed, relevant, and probative to constitute substantial evidence supporting the hearing officer's finding of guilt on the charges of violating rule 104.13 (creating a disturbance), rule 106.10 (refusing a direct order), rule 107.10 (interference with an employee), and rule 115.10 (refusing search or frisk) (see Matter of James v Strack, 214 AD2d 674, 675). Moreover, the hearing officer could properly disbelieve the petitioner's testimony and credit the statements contained in the misbehavior report (see id. at 675).
However, the determination that the petitioner was guilty of violating rule 100.15, which provides that an incarcerated individual shall not engage in unauthorized sparring, wrestling, body-punching, or other forms of disorderly conduct, was not supported by substantial evidence. The misbehavior report does not state that the petitioner engaged in any particular act of disorderly conduct set forth in the rule, or any other similar act that could be defined as disorderly conduct within the meaning of the rule, which contemplates some form of physical contact by an inmate with another individual. Nor does the misbehavior report constitute substantial evidence to establish that the petitioner was guilty of violating rule 104.11, prohibiting violent conduct. The report does not indicate that the petitioner committed any particular violent act, merely stating that "[f]orce became necessary," without indicating what the petitioner did to necessitate the use of such force. Furthermore, there is no evidence outside the report to support the determination that the petitioner was guilty of disorderly conduct or violent conduct (see Matter of Kellam v Walker, 256 AD2d 1116, 1117).
The petitioner waived his claim that he was denied the right to call witnesses at the hearing, as he told the hearing officer that he did not need witnesses after the hearing officer offered to look for more witnesses (see Matter of Shrubsall v Venettozzi, 196 AD3d 990, 991; Matter of Wimberly v Annucci, 185 AD3d 1364, 1365; Matter of James v Strack, 214 AD2d at 675; Matter of Reynoso v LeFevre, 199 AD2d 886).
Because the petitioner has already served the penalty and there was no recommended loss of good-time credit, there is no need to remit the matter to the respondent for reconsideration of the penalty insofar as it relates to the charges that have been sustained (see Matter of Charles v Rockland County Sheriff, 157 AD3d 670, 671-672; Matter of Farooq v Fischer, 99 AD3d 709, 711).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court