Matter of Carzoglio v Annucci (2023 NY Slip Op 02567)

Matter of Carzoglio v Annucci

2023 NY Slip Op 02567

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535076
[*1]In the Matter of Angelo Carzoglio, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 21, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Angelo Carzoglio, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with creating a disturbance, refusing a direct order, interfering with an employee and violating a facility movement regulation. The charges stemmed from an incident wherein petitioner became argumentative and refused several orders to lock in his cell after he was observed during a call out wearing dark eyeglasses without having the medical permit for the eyeglasses in his possession. Following a tier III disciplinary hearing, petitioner was found guilty of all the charges and this determination was affirmed upon administrative review. This CPLR article 78 proceeding ensued.
Initially, the Attorney General concedes, and our review of the record confirms, that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee and, therefore, it must be annulled. Because the administrative penalty has been served and no loss of good time was imposed, remittal for a redetermination of the penalty on the remaining charges is not required (see Matter of Diaz v Annucci, 195 AD3d 1297, 1297 [3d Dept 2021]).
As to the remaining charges, the misbehavior report, hearing testimony and video evidence provide substantial evidence to support the determination of guilt (see Matter of Washington v Annucci, 160 AD3d 1248, 1248 [3d Dept 2018]; Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 107 AD3d 1263, 1263 [3d Dept 2013]). Petitioner's contention that the misbehavior report was written in retaliation for a complaint he had brought against the report's author, which was explored at the hearing and denied by the author, created a credibility issue for the Hearing Officer to resolve (see Matter of Nova v Kirkpatrick, 160 AD3d 1326, 1326-1327 [3d Dept 2018]; Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [3d Dept 2017]).
We reject petitioner's contention that the Hearing Officer improperly denied his request to call a counselor with the Office of Mental Health as a witness. Although petitioner sought this testimony to corroborate his claim that the misbehavior report was written in retaliation for the complaint he had filed against the report's author, the requested witness had no firsthand knowledge of the incident and the testimony would have been redundant as petitioner provided testimony in support of his retaliation claim and the Hearing Officer questioned the report's author on this issue as a result (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [3d Dept 2018]; Matter of Medina v Rodriguez, 155 AD3d 1200, 1200-1201 [3d Dept 2017]). Finally, based upon our review of the record, we conclude "that the [*2]hearing was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Manwaring v Rodriguez, 205 AD3d 1200, 1201 [3d Dept 2022] [internal quotation marks and citation omitted]; accord Matter of Almonte v Annucci, 211 AD3d 1216, 1217 [3d Dept 2022]). Petitioner's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent Acting Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.