Matter of Walton v Annucci (2023 NY Slip Op 03526)

Matter of Walton v Annucci

2023 NY Slip Op 03526

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

535576 
[*1]In the Matter of Samuel Walton, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 26, 2023

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Prisoners' Legal Services of New York, Ithaca (Hallie E. Mitnick of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner refused to cooperate with and took a swing at the correction officer assigned to search his cell, petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, refusing a direct order, interfering with an employee and violating facility frisk procedures. At the conclusion of the disciplinary hearing that followed, the Hearing Officer found petitioner guilty of engaging in violent conduct, refusing a direct order and violating facility frisk procedures and not guilty of the remaining charges, and a penalty was imposed. Petitioner's administrative appeals and request for reconsideration were unsuccessful, and this CPLR article 78 proceeding to challenge respondent's determination ensued. Finding that the petition raised a question of substantial evidence, Supreme Court transferred the proceeding to this Court for review.
We confirm. To the extent that petitioner's brief challenges the determination on the merits, we find that the detailed misbehavior report, hearing testimony and related documentation constitute substantial evidence to support the finding of guilt (see e.g. Matter of Legette v Rodriguez, 213 AD3d 1066, 1067 [3d Dept 2023]; Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022]; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Contrary to petitioner's assertion, the record reflects that the Hearing Officer did in fact consider the use of force report in reaching his decision, and the alleged discrepancy between the force purportedly utilized to subdue petitioner and the injuries he allegedly sustained, as well as petitioner's claim that the misbehavior report was written in retaliation, presented credibility issues for the Hearing Officer to resolve (see Matter of Harrell v Annucci, 204 AD3d 1268, 1269 [3d Dept 2022]; Matter of Pine v Annucci, 200 AD3d 1270, 1271 [3d Dept 2021], lv denied 38 NY3d 906 [2022]). Petitioner's claim that he was deprived of due process because the Hearing Officer denied his request for a particular witness is unpersuasive, as such testimony would have been either redundant or irrelevant (see Matter of Douglas v Annucci, 199 AD3d 1108, 1110 [3d Dept 2021]; Matter of Walton v Annucci, 181 AD3d 1085, 1086 [3d Dept 2020]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.