Matter of Keitt v Lamay (2025 NY Slip Op 01693)

Matter of Keitt v Lamay

2025 NY Slip Op 01693

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-24-1136
[*1]In the Matter of Devin Keitt, Petitioner,
v
J. Lamay, as Acting Superintendent of Washington Correctional Facility, Respondent.

Calendar Date:February 7, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Devin Keitt, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with losing state property, providing false information and refusing a direct order. The charges stemmed from an incident wherein petitioner failed to return an elastic bandage that had been issued to him by a facility nurse. At the conclusion of the tier II disciplinary hearing that followed, the Hearing Officer found petitioner guilty as charged and imposed a penalty. Upon administrative review, the Hearing Officer's decision was affirmed, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report authored by the facility nurse — standing alone — constitutes substantial evidence to support the sustained charges (see e.g. Matter of Serrano v Danforth, 221 AD3d 1148, 1148 [3d Dept 2023]; Matter of Ramos v Annucci, 208 AD3d 1531, 1531 [3d Dept 2022], lv denied 39 NY3d 909 [2023]; Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [3d Dept 2020], lv denied 36 NY3d 903 [2020]). Although petitioner denied informing the nurse that he was unable to locate the bandage — contending instead that he told her that the item had been stolen — this presented a credibility issue for the Hearing Officer to resolve (see Matter of Mack v Annucci, 219 AD3d 1033, 1034 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; Matter of Smith v Annucci, 217 AD3d 1306, 1306 [3d Dept 2023]), as did petitioner's claim that the misbehavior report was written in retaliation for a previously filed grievance (see Matter of Walton v Annucci, 217 AD3d 1302, 1303 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Carzoglio v Annucci, 216 AD3d 1272, 1273 [3d Dept 2023]).
Petitioner's procedural objections do not warrant extended discussion. Despite his stated disability, petitioner did not have a regulatory right to an employee assistant because the record fails to reflect that petitioner was either illiterate, non-English speaking, sensorially disabled or placed in segregated confinement prior to the hearing (see 7 NYCRR 251-4.1 [a]). Given that the Hearing Officer read the charges and applicable rules to petitioner and petitioner ultimately confirmed his understanding thereof, the Hearing Officer did not abuse his discretion in denying petitioner's request for employee assistance (see 7 NYCRR 251-4.1 [b]). Similarly, inasmuch as the sanctions that may be imposed following a tier II disciplinary hearing do not include a loss of good time (see 7 NYCRR 253.7), the denial of such assistance does not implicate petitioner's due process rights (compare Matter of Simon v Morton, 208 AD3d 1334, 1334 [2d Dept 2022]).
Contrary to petitioner's assertion, the record does not indicate that petitioner requested the testimony of the correction [*2]officer who investigated the subject grievance. In any event, "the testimony would have been redundant as petitioner provided testimony in support of his retaliation claim and the Hearing Officer questioned the [misbehavior] report's author on this issue as a result" (Matter of Carzoglio v Annucci, 216 AD3d at 1273). Finally, we find no merit to petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mena v Gutwein, 216 AD3d 1384, 1386 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Moore v Annucci, 214 AD3d 1276, 1276 [3d Dept 2023]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.